## JERRY ADAMS v. THE STATE.

1. In this appeal from a conviction for theft, though no errors were assigned, the judgment is reversed for error in the charge of the court below to the jury.

2. Statements made by a prisoner while in custody cannot be used as evidence against him, unless they were made in the manner prescribed by the Code of Criminal Procedure. (Paschal's Digest, article 3127.)

APPEAL from the Criminal District Court of Harris county. Tried below before the Hon. Samuel Dodge.

The rulings are sufficiently explained by the opinion of the court.

No brief for the appellant.

*Wm. Alexander*, Attorney General, for the State, moved to dismiss for want of an assignment of errors.

OGDEN, J.—The judgment in this case must be reversed, for the errors in the charge of the court, and because there was no legitimate evidence before the jury to warrant their verdict. The charge of the court in regard to the confessions of the defendant, while under arrest, was not applicable to the facts proven on the trial. There was no evidence that the confessions or statements of the defendant, while under arrest, or at any other time, led to the discovery of the stolen property, or of any fact which would prove the guilt of defendant. There was no evidence to connect the defendant, in any manner, with the theft, or taking of the property, excepting the defendant's own statements, made while under an arrest; and these could not be used as evidence against him unless they were made in the mode and manner prescribed by the statute. But, admitting the statements had been voluntarily made after due caution, so as to give them the force of legal confessions, yet the entire statement of the defendant, as proven on the trial, might be true, and yet entirely consistent with the perfect innocence of the defendant. The judgment is reversed and the cause remanded.

Reversed and remanded.